MARK R. MEYER - #238231
Losch Ehrlich & Meyer
500 Sutter St.
San Francisco, CA 94102
Telephone:  (415) 684-8885
Email: mm@losch-ehrlich.com

Attorneys for Defendant
Fairwinds Estate Winery, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Andres Gomez, | Case No. 4:22-cv-00032-JST |
| Plaintiff, | **Defendant's Motion to Dismiss; Notice and Points and Authorities in Support** |
| v. | |
| Fairwinds Estate Winery, LLC, | Honorable Jon S. Tigar |
| Defendant. | Hearing Date: Thursday 2:00 p.m., 08/04/2022 |

## NOTICE OF MOTION

TO THIS COURT AND ALL ATTORNEYS OF RECORD, PLEASE TAKE NOTICE that on Thursday August 4, 2022, 2:00 PM, or as otherwise ordered by the Court, at the U.S. District Court, Northern District of California, Oakland Courthouse, Courtroom 6, 2nd Floor, Defendant Fairwinds Estate Winery, LLC moves to dismiss the Complaint of Andres Gomez pursuant to Federal Rule of Court 12(b).  This Motion is further made upon this notice of application, the memorandum of points and authorities, the pleadings, files and records in this action, and on other such oral and documentary evidence as may be present at the hearing on this application in the above-titled action.

Defendant seeks dismissal of the action of the complaint on the ground that Plaintiff fails to establish standing under Rule 12(b)(1) and fails to state a claim upon which relief can be granted under Rule 12(b)(6).

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## TABLE OF CONTENTS

3   I.      Introduction ................................................................................................3

4   II.     Discussion ....................................................................................................4

5          A.     Plaintiff must establish standing. ...............................................4

6          B.     Plaintiff must establish Defendant is a private entity
                  that is operating a place of public accommodation. ..............5

7

8          C.     Plaintiff must establish injury in connection with
                  the operation of a public accommodation. ..............................5

9          D.     Plaintiff cannot establish injury-in-fact. ..................................7

10         E.     Plaintiff has failed to state a claim for relief. .........................7

11         F.     Plaintiff has not established redressability or
                  grounds for an injunction. .........................................................9

12

13         G.     Plaintiffs Unruh claims should be dismissed. ...................... 10

14  III.    Conclusion.................................................................................................. 10

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## I.      Introduction

Plaintiff Gomez brings this suit under the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") against Defendant Fairwinds Estate ("Fairwinds"), a winery operating in Napa Valley.[1]  Plaintiff is a Florida resident who has filed dozens of cases in the Northern District of California alleging wineries and other businesses have violated the ADA by operating websites that allegedly do not follow accessibility guidelines.[2]

Plaintiff alleges that in March 2021 and August 2021, he visited Fairwinds's Website in search of a winery to potentially visit or to do some wine tasting because he "potentially wanted to go to Northern California."  Complaint at ¶ 18. Plaintiff alleges he was unable to use Screen Reader Software ("SRS") to hear text equivalents of some images, to identify certain form elements, and Plaintiff alleges some "visualization" between foreground and background was low contrast. Complaint at ¶ 18.  Plaintiff does not allege he attempted to use any Fairwinds service or purchase any goods.

In fact, Fairwinds was not open for business to the public in 2021.  Chaney Dec. ¶ 5-6.  Fairwinds Winery was destroyed in the September 2020 Glass Fire.  *Id.* The tasting room was damaged, winery buildings were destroyed.  *Id.*  The winery was not open to the general public throughout 2021.  *Id.*  No one could use the Fairwinds website in 2021 to schedule a wine tasting or tour.  *Id.*

Plaintiff cannot plead a nexus between the Fairwinds website and a physical place of public accommodation that caused any injury.  The lack of an injury-in-fact means Gomez has not established standing.

---

[1] Plaintiff named "Fairwinds Estate Winery, LLC," as the Defendant.  However, "Fairwinds Estate, LLC" is the name of the entity that operates the winery and holds the winery license.

[2] See, e.g., *Gomez v. Hoopes Vineyard, LLC*, Case No. 3:21-cv-08776; *Gomez v. Kieu Hoang Winery, LLC* Case No. 3:21-cv-09471; *Gomez v. Gates Estates, Inc.*, C 3:21-cv-07147

1    Further, since Plaintiff allegedly last visited the website, Fairwinds has

2 redesigned their website and reviewed it to determine it is accessible.  Chaney Dec.

3 ¶ 8. The ADA claims are moot.  Plaintiff's Unruh claims are based upon his ADA

4 claims.

5 **II.    Discussion**

6        **A.    Plaintiff must establish standing.**

7    A motion to dismiss filed pursuant to Rule 12(b)(1) is a challenge to the

8 court's subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  "Federal courts are

9 courts of limited jurisdiction," and it is "presumed that a cause lies outside this

10 limited jurisdiction."  *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377

11 (1994).  The party invoking the jurisdiction of the federal court bears the burden

12 of establishing that the court has the requisite subject matter jurisdiction to grant

13 the relief requested.  *Id.*

14          Under Rule 12(b)(1), a defendant may challenge the
   plaintiff's jurisdictional allegations in one of two ways.
15       A "facial" attack accepts the truth of the plaintiff's
         allegations but asserts that they "are insufficient on
16       their face to invoke federal jurisdiction." *Safe Air for*
         *Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir.2004).
17       The district court resolves a facial attack as it would a
         motion to dismiss under Rule 12(b)(6): Accepting the
18       plaintiff's allegations as true and drawing all
         reasonable inferences in the plaintiff's favor, the court
19       determines whether the allegations are sufficient as a
         legal matter to invoke the court's jurisdiction.  *Pride v.*
20       *Correa*, 719 F.3d 1130, 1133 (9th Cir.2013).

21       A "factual" attack, by contrast, contests the truth of
         the plaintiff's factual allegations, usually by
22       introducing evidence outside the pleadings. *Safe Air*
         *for Everyone*, 373 F.3d at 1039;*Thornhill Publ'g Co. v.*
23       *Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th
         Cir.1979). When the defendant raises a factual attack,
24       the plaintiff must support her jurisdictional allegations
         with "competent proof," *Hertz Corp. v. Friend*, 559 U.S.
25       77, 96–97, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010),
         under the same evidentiary standard that governs in
26       the summary judgment context. See Norse v. City of
         Santa Cruz, 629 F.3d 966, 973 (9th Cir.2010) (en banc);
27       *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813
         F.2d 1553, 1559 (9th Cir.1987); Fed.R.Civ.P. 56(c). The
28       plaintiff bears the burden of proving by a
         preponderance of the evidence that each of the

---

1
2
3
4

> requirements for subject-matter jurisdiction has been met. Harris, 682 F.3d at 851. With one caveat, if the existence of jurisdiction turns on disputed factual issues, the district court may resolve those factual disputes itself. *Safe Air for Everyone*, 373 F.3d at 1039–40; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir.1983); *Thornhill*, 594 F.2d at 733.3.

5   *Leite v. Crane Co.*, 749 F.3d 1117 (9th Cir. 2014)

6   Standing is a requirement for federal court jurisdiction. *See Spokeo, Inc. v.*

7   *Robins*, 578 U.S. 330, 337-38 (2016).  To establish standing, "[t]he plaintiff must

8   have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

9   conduct of the defendant, and (3) that is likely to be redressed by a favorable

10  judicial decision." *Id.* at 338.  The injury in fact must be an "an invasion of a legally

11  protected interest which is (a) concrete and particularized, and (b) actual or

12  imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S.

13  555, 560-61 (1992).

14  **B.   Plaintiff must establish Defendant is a private entity that is**

15  **operating a place of public accommodation.**

16  In order to establish an ADA claim, Plaintiff must allege and prove, (1) he is

17  disabled within the meaning of the ADA; (2) the defendant is a private entity that

18  owns, leases, or operates a place of public accommodation; and (3) the plaintiff

19  was denied public accommodations by the defendant because of his disability.

20  *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670

21  (9th Cir. 2010).  The Ninth Circuit has stated that a plaintiff in an ADA case may

22  establish standing "either by demonstrating deterrence, or by demonstrating

23  injury-in-fact coupled with an intent to return to a noncompliant facility."

24  *Chapman v. Pier 1 Imports (U.S.) Inc.,* 631 F.3d 939, 944 (9th Cir. 2011).

25  **C.   Plaintiff must establish injury in connection with the**

26  **operation of a public accommodation.**

27  Because the ADA "only covers actual, physical places where goods or

28  services are open to the public, and places where the public gets those goods or

---

services, there had to be some connection between the good or service complained of and an actual physical place." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019) (quoting *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000)); see also *Langer v. Pep Boys Manny Moe & Jack of California,* No. 20-cv-06015-DMR, 2021 WL 148237, at *5 (N.D. Cal. Jan. 21, 2021) ("[A] plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim.")

In *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000), the Ninth Circuit held that Title III did not apply to an insurer who administered an employer-provided long-term disability insurance policy because there was no connection between the insurance plan and the insurer's physical office.  *Id.* at 1115.

For the provisions of the ADA to apply to a website, the Ninth Circuit requires a "nexus" between the website and a physical location.  *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir. 2019). A plaintiff who fails to allege any connection between the website barriers and a physical location does not have an ADA claim.

In *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019), a blind plaintiff alleged that the inaccessibility of Domino's website and app prevented him from ordering online a customized pizza from a nearby Domino's location. Robles, 913 F.3d at 902. The court found that Domino's "website and app facilitate access to the goods and services of a place of public accommodation—Domino's physical restaurants. They are two of the primary (and heavily advertised) means of ordering Domino's products to be picked up at or delivered from Domino's restaurants." *Id.* at 905. In holding that the ADA applied to Domino's website and app, the Ninth Circuit stated that "[t]his nexus between Domino's website and app and physical restaurants - which Domino's does not contest - is critical to our analysis." *Id.*

Thus, Title III applies to a website only if the website "facilitates access to the goods and services of a place of public accommodation," or, put differently, if the inaccessibility of the website "impedes access to the goods and services" of the physical location.  Plaintiff must allege and prove that the inaccessibility of the website has deterred him from using the services of the physical location.

**D.      Plaintiff cannot establish injury-in-fact.**

To establish injury under the ADA, Plaintiff must prove some discrimination in the operation of public accommodation.  Plaintiff cannot establish any injury caused by Fairwinds' website in 2021 because Fairwinds was not a "place of public accommodation" in the year 2021.  Chaney Dec. ¶5-6.  Fairwinds was substantially destroyed in 2020 and has not reopened to public visitors of the Fairwinds website.  *Id.*

In 2021, Plaintiff was not discriminated against based upon his disability in connection with a place of public accommodation because no person who visited the website could obtain goods and services.  The Fairwinds winery was not scheduling wine tastings or tours.  The property was not open to the public.  The public could not go to the property to purchase wine.  See Chaney Declaration.

Plaintiff must allege and prove that the inaccessibility of the website deterred him from using the services of a physical location.  Plaintiff cannot establish a nexus between the Fairwinds website and a physical place because the Winery was closed.  Accordingly, Plaintiff cannot establish an injury-in-fact.

**E.      Plaintiff has failed to state a claim for relief.**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Plaintiff alleges he visited Fairwinds Website in March 2021 and August 2021 "to potentially" visit and that he encountered "accessibility design faults" of: "Images on the website lack a text equivalent readable by SRS"; "form elements that are not identified with functional text readable by SRS"; "Images on the website lack a text equivalent readable by SRS"; and "visualization of the webpage contains impermissibly low contrast enabling differentiation of background and foreground elements." Complaint at ¶ 17-18.

Assuming the truth of these allegations, the Complaint fails to allege how they *impeded access* to goods and services of a *physical* location. See, *Robles v. Domino's Pizza, LLC*, 913 F.3d 898 (9th Cir. 2019). Plaintiff does not state how the specific elements he complains about have any connection to goods or services provided at a physical location. Plaintiffs' allegations do not plausibly show how the alleged barriers denied his full and fair enjoyment of goods and services connected to the physical location of a public accommodation. See *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021).

In *Robles v. Domino's* the plaintiff allege he unsuccessfully attempted to

order a customized pizza online from a specific location.  Here, Plaintiff Gomez does not allege he attempted to use or access any good or service of Fairwinds through its website. Plaintiff did not try to order wine for pick-up or schedule a tasting.  Plaintiff does not allege that he ever travelled to the Napa Valley to visit any winery or a factual basis that he had any good faith intent or desire to travel to the Fairwinds winery.  Instead, Plaintiff alleges he was curious about potentially travelling to Northern California for a visit.  Plaintiff does not allege here was deterred from using any good or service, but from "returning to the Website." Complaint at ¶ 24.

Plaintiff will not be able to truthfully allege that he was impeded from accessing goods or services in connection with a place of public accommodation because the website did not have a connection with providing goods or services at a public property throughout 2021.

**F.      Plaintiff has not established redressability or grounds for an injunction.**

To establish standing for injunctive relief—the only remedy available under the ADA—Plaintiff must show deterrence or injury coupled with intent to return. *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 944 (9th Cir. 2011).  Because a private plaintiff can sue only for injunctive relief (i.e., for removal of the barrier) under the ADA, see id., a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim.  *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).

Plaintiff has not alleged that he intends to use any product or service of Fairwinds in connection with a physical location in the future.  Thus, there is no good faith allegation of an "intent to return." Returning to the website without any intent to use services or goods of the location is insufficient.

Furthermore, prior to the service of the Complaint in this action, Fairwinds updated their website and has attempted in good faith to have the website

1  accessible, including as to those issues raised by Plaintiff in the Complaint.

2  Chaney Dec. ¶ 8.

3        **G.     Plaintiffs Unruh claims should be dismissed.**

4        Plaintiffs Unruh claim depends upon his ADA claim.  As stated above,

5  Plaintiff has failed to adequately allege an ADA claim and cannot truthfully amend

6  the Complaint to state a claim.  Further, the court may decline to exercise

7  supplemental jurisdiction.  *City of Colton v. American Promotional Events, Inc.–*

8  *West*, 614 F.3d 998, 1008 (9th Cir. 2010).

9  **III.    Conclusion**

10        Plaintiff has not stated a claim because Plaintiff has not alleged Fairwinds

11  website actually interfered with his ability to access goods or services in

12  connection with the Fairwinds winery.  Further, Plaintiff  cannot establish injury in

13  fact because the Winery was not open to the public during the relevant time.

14  Finally, the website was updated prior to service of the Complaint, making the

15  action moot.  The Court should dismiss the state law claims for the same reasons

16  or decline to exercise supplemental jurisdiction.

17

18    Dated:  5/16/2022                LOSCH EHRLICH & MEYER

19

20                                       Mark R. Meyer

21                                       Attorneys for Defendants

22                                       Lorraine Cerezo-Lim, and

                                     Jonathan Lim

23

24

25

26

27

28